UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS DUPREE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1049 RWS |
| | ) | (TIA) |
| IAN WALLACE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Missouri state prisoner Cornelius Dupree's pro se Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned

Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(c).

## I. Procedural History

Petitioner is currently incarcerated at the Southeast Correctional Center located in Charleston,

Missouri. On February 4, 2004, Petitioner was convicted by a jury in the Circuit Court of the City

of St. Louis of murder in the first degree and armed criminal action. (Legal File, Resp. Exh. C at 78-

79). The St. Louis City Circuit Court sentenced him on March 12, 2004, as a prior offender, to

concurrent terms of life imprisonment without possibility of probation and parole and twenty-five

years imprisonment. (Id. at 91-93). On July 12, 2005, the Missouri Court of Appeals affirmed his

convictions and sentence finding that the trial court did not err by refusing to allow his mother and

brother to testify and Petitioner to show his scar to the jury. State v. Dupree, 166 S.W.3d 638 (Mo.

---

[1]Petitioner is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. Inasmuch as Ian Wallace, the Superintendent of Southeast Correctional Center, is Petitioner's custodian, Ian Wallace should be substituted for Jeff Norman as the proper party respondent in this cause. 28 U.S.C. §2254(a).

Ct. App. 2005); (Resp. Exh. E). Petitioner did not seek further review in the Missouri Supreme Court, and his time for doing so expired on July 27, 2005. See Missouri Rule 83.02. The Missouri Court of Appeals issued its mandate on August 4, 2005. (Resp. Exh. L) (See Docket Sheet for State v. Dupree, No.ED84292(filed August 4, 2005)(available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited May 1, 2013))[2].

On August 10, 2005, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15. (Resp. Exh. H at 3-24). Appointed counsel filed a First Amended Motion to Vacate, Set Aside or Correct the Judgment pursuant to Rule 29.15 on November 30, 2005, raising three grounds for relief: trial counsel was ineffective for failing to call Ife Williams as a witness at trial; appellate counsel was ineffective for failing to raise the exclusion of testimony from the medical examiner that the toxicology exam on the victim showed the presence of PCP in his system; and the prosecutor made factual misrepresentations during opening statement and closing argument. (Id. at 33-43). On July 31, 2007, the post-conviction motion court denied relief after an evidentiary hearing holding his claims to be without merit. (Id. at 52-65). On appeal, Petitioner raised two claims for relief, the ineffectiveness of trial counsel and appellate counsel. (Resp. Exh. F). The Missouri Court of Appeals affirmed the denial of relief on May 12, 2009, Dupree v. State, 282 S.W.3d 885 (Mo. Ct. App. 2009); (Resp. Exh. K), and issued its mandate on June 4, 2009. (Resp. Exh. M)(See Docket Sheet for State v. Dupree,No.ED91439(filed June 4, 2009)(available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited May 1, 2013)). Petitioner pursued no other action for review of his convictions and sentence.

_____

[2]Although neither party submitted a copy of the mandate, the undersigned takes judicial notice from Case.net, http://www.courts.mo.gov/casenet, and the copy of the same filed by Respondent.

On June 7, 2010, this Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by Petitioner's application to proceed in forma pauperis ("IFP"). The petition and application bear Petitioner's signature dated May 30, 2010. On June 7, 2010, Petitioner's application to proceed IFP was granted. Respondent was thereafter ordered to show cause why the claims for relief as set out in Petitioner's petition should not be granted. In response, Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch the original federal habeas petition was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d). See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (the one-year period is tolled through the date a timely post-conviction appeal is concluded by the Missouri appellate court's issuance of a mandate). Respondent further counters that the grounds for relief in the petition are either procedurally barred or without merit.

A person in custody under a state court judgment has one year from the date upon which the judgment became final to apply for a writ of habeas corpus from a federal court. 28 U.S.C. § 2244(d)(1). The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending. § 2244(d)(2).

Petitioner was convicted on February 4, 2004, and he was sentenced as a prior offender on March 12, 2004. The Missouri Court of Appeals affirmed the conviction and sentence on July 12, 2005. State v. Dupree, 166 S.W.3d 638 (Mo. Ct. App. 2005); (Resp. Exh. E). The mandate issued on August 4, 2005. Petitioner did not seek transfer to the Missouri Supreme Court and, thus, his conviction became final for purposes of § 2244(d)(1)(A) on the day the mandate issued. Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008). In such circumstances, the federal habeas court does not

include in the period provided by 28 U.S.C. § 2244(d)(1)(A) the ninety day period allowed for filing

a petition for certiorari to the United States Supreme Court because the United States Supreme Court

could not review the petitioner's direct appeal due to the absence of a decision by the state court of

last resort, the Missouri Supreme Court. Id. at 855. Therefore, in these situations, "the statute of

limitations in 28 U.S.C. § 2241(d)(1) [begins] the day after the direct-appeal mandate" is issued. Id.

at 856; accord McMullan v. Roper, 599 F.3d 849, 852 (8th Cir. 2010) (when no petition for writ of

certiorari was filed with the United States Supreme Court, the "state court judgment becomes final

... the day after the direct appeal mandate was issued by the Missouri Court of Appeals.").

Here, the Missouri Court of Appeals issued its direct-appeal mandate on August 4, 2005, and

Petitioner did not request transfer to the Missouri Supreme Court or file a petition for writ of

certiorari with the United States Supreme Court. The limitations period ran for six days until

Petitioner filed a motion for post-conviction relief on August 10, 2005. Section 2242(d)(20 states

that "[t]he time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). After the motion was denied,

Petitioner appealed, without success. On June 4, 2009, the Missouri Court of Appeals issued the

mandate following the appeal of the denial of post-conviction relief. Dupree v. State, 282 S.W.3d

885 (Mo. Ct. App. 2009); (Resp. Exh. K). At that point, the running of the limitations period

resumed.

To be timely, the instant habeas petition had to be filed 359 days later on May 31, 2010.[3] The

---

[3]May 29, 2010, actually marks the end of the one-year period. However, because May 29, 2010, was a Saturday, it would have been excluded from the one-year time computation pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, and Petitioner would have had until May 31,

original petition was placed in the prison mail system on June 3, 2010 and was untimely filed on June 7, 2010. The date Petitioner signed his petition - May 30, 2010 - would place Petitioner within the one-year period. The date the petition was postmarked - June 3, 2010- would not.

Petitioner signed the instant petition on May 30, 2010. The postmark on the original envelope reflects that it was placed in the prison mail system on June 3, 2010. Petitioner has offered no evidence as to the date he placed his petition in the mail. The only facts before the Court are that Petitioner signed the petition on May 30, 2010, and the Clerk's office received and filed the petition on June 7, 2010. As determined by the Eighth Circuit Court of Appeals, "[n]either of these dates aids in determining whether the petition was mailed on or before [May 31, 2010]. Henderson-El v. Maschner, 180 F.3d 984, 985-86 (8th Cir. 1999). The Henderson court further determined "[b]ecause [Petitioner] failed to provide any evidence of the date on which he mailed his petition, he may not avail himself of the benefits of the prison mailbox rule." Id. at 986; Cf In re Bourgeois, 488 B.R. 622, 626 (8th Cir. 2013) (finding prisoner cannot invoke prison mailbox rule when "the record did not reveal the date Debtor deposited his notice of appeal in the prison mail system, only the date he signed it and the date the bankruptcy clerk received and filed it.").

Applying the prison mailbox rule and deeming his petition to be filed the date he claims he placed it in the prison mail system on May 30, 2010, the petition would be timely filed. To be timely under the rule, Petitioner must have deposited his petition in the prison mail system within the statute of limitation. See Houston v. Lack, 487 U.S. 266, 276 (1988) (time of filing is time at which prisoner

---

2010, to seek federal habeas relief. Fed. R. Civ. P. 6(a) (computation of time periods excludes the day of the act and includes the last day of the period unless it is a Saturday, Sunday, or legal holiday). The ending date under Riddle was a Saturday, making Monday, May 31, 2010, the end date for purposes of the one-year statute of limitations under AEDPA.

delivers document to prison authorities to send to court clerk). At the end of his pro se petition, Petitioner declares under penalty of perjury that he delivered his petition to the prison mail room on May 30, 2010, within the statute of limitation, but such declaration is not notarized. Petitioner bears the ultimate burden of proving his entitlement to benefit from the rule. Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001).

Rule 4(c) specifies two methods by which a prisoner may demonstrate timely filing, and the Eighth Circuit has indicated that the Rule requires a prisoner to choose one of the methods. Porchia, 251 F.3d at 1198 ("Porchia was required to file an affidavit or notarized statement recounting the precise date upon which he left his notice of appeal with prison authorities."). Thus, a prisoner must actually deposit his legal papers with the prison mail system by the last day for filing with the clerk, and the prisoner must at some point attest to that fact in an affidavit or notarized statement. Grady v. U.S., 269 F. 3d 913, 918 (8th Cir. 2001). Due to the lengthy and unwarranted delay in submission, the undersigned finds that even if Petitioner filed the affidavit at this juncture, the affidavit would be less trustworthy compared to a promptly-recorded statement, and the evidence on record supports the finding of an untimely submission. Petitioner's assertion that he delivered this petition in the prison mailbox on May 30, 2010 in not sworn and is not supported by any evidence. The undersigned notes that the record contains no indication when Petitioner delivered his petition to the prison authorities, that the envelope is stamped received June 3, 2010 by SECC, and that the envelope is stamped received by mail by this Court on June 7, 2010. On the instant record, the undersigned finds that June 3, 2010 to be appropriately used as the date of filing.

The one-year statute of limitations set forth in § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). While equitable

tolling may salvage an untimely petition, it is "an exceedingly narrow window of relief." Riddle, 523 F.3d at 857 (*quoting* Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).  Petitioner has failed to demonstrate that "extraordinary circumstances beyond [his] control made it impossible for [Petitioner] to file [his] petition on time."  Runyon v. Burt, 521 F.3d 942, 945 (8th Cir. 2008) (*quoting* Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999)).  Petitioner has not set forth any grounds to establish that the doctrine of equitable tolling should apply.  Equitable tolling will not work to save the instant petition, and Petitioner's claims are time-barred.  For the foregoing reasons, the undersigned finds the petition untimely under 28 U.S.C. § 2244(d).  Therefore,

**IT IS HEREBY RECOMMENDED** that Petitioner Cornelius Dupree's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1/filed June 7, 2010) be dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman<br>
UNITED STATES MAGISTRATE JUDGE

Dated this   24th   day of May, 2013.