UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS DUPREE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1049 RWS |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Cornelius Dupree. The Court referred this matter to United States Magistrate Judge Terry I. Adelman for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On May 24, 2013, Judge Adelman filed his recommendation that petitioner's habeas petition should be denied as untimely filed. Petitioner did not object to the Report and Recommendation, and his time for doing so has now expired.

After careful consideration, I will adopt and sustain Judge Adelman's Report and Recommendation, except for his calculation of when petitioner's conviction became final for statute of limitations purposes. Where, as here, a state prisoner forgoes discretionary review by the Missouri Supreme Court, I must

"look to state-court filing deadlines to determine the expiration of the time for seeking direct review." Gonzalez v. Thaler, 132 S. Ct. 641, 654 (2012). Because petitioner did not seek transfer to the Missouri Supreme Court, his conviction became final for purposes of § 2244(d)(1)(A) on July 27, 2005 (the deadline for seeking rehearing), not (as Judge Adelman found) the mandate date of August 4, 2005. See id. At 654-56 (abrogating the Eighth Circuit's decision in Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008), that the direct-appeal mandate was the conclusion of direct review). Therefore, fourteen days expired before petitioner filed his post-conviction motion (tolling the running of the one-year statute of limitations) on August 10, 2005. As a result, petitioner had 351 days to file his federal habeas petition after his state post-conviction proceedings concluded. Because it remains unclear after Gonzalez and the Eighth Circuit's decision in King v. Hobbs, 666 F.3d 1132 (8th Cir. 2012), what event marks the conclusion of post-conviction proceedings, I will give petitioner the benefit of the doubt (as did Judge Adelman) and find that the limitations period was tolled until June 4, 2009, the day the Missouri Court of Appeals issued the mandate following the appeal of the denial of post-conviction relief. Using this date, petitioner's statute of limitations period expired on May 21, 2010, not May 31, 2010 as found by Judge Adelman. Even petitioner does not argue that he mailed his petition until May 30,

2010, which is beyond the one-year limitations period in this case.  Petitioner's petition is thus untimely filed and must be dismissed.  I agree with Judge Adelman's conclusions regarding equitable tolling in this case and adopt them here.  I also find that Judge Adelman correctly stated the law with respect to the application of the prison mailbox rule and the burden of proof, although it is unnecessary to resolve those issues here given my findings regarding the untimeliness of petitioner's petition.

I have also considered whether to issue a certificate of appealability.  To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)).  Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on May 24, 2013 [#12] is adopted and sustained, except as stated above.

**IT IS FURTHER ORDERED** that respondent's objections to the Report and Recommendation [#13] are denied as moot.

**IT IS FURTHER ORDERED** that Petitioner Cornelius Dupree's Petition for Writ of Habeas Corpus [#1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2013.